## STATE V. CALLAHAN.

1. Where a witness was permitted to refresh his recollections of a fact by examining entries in a record made by him at the time, and then testified to the fact from the entries so made, the exclusion of the record itself is not prejudicial error.

2. Where, on the issue of the age of a person, the original record made by the clerk of the township in which such person was born, as required by law, showing the date of birth, is received in evidence, the exclusion of copies of the record as part of the records of the clerk of the district court, including the township clerk's return of births occurring during the year, is not erroneous.

3. On a trial for rape, on the issue of the age of the prosecutrix, evidence examined, and held to support a verdict that she was under the age of consent at the time of the alleged offense.

4. Where the evidence on trial for crime supports a verdict of guilty, though contradicted by defendant's evidence, and the trial court refuses to vacate the verdict, the supreme court on appeal will not interfere.

(Opinion filed June 8, 1904.)

Error to circuit court, Deuel county; Hon. JULIAN BENNETT, Judge.

Osmer L. Callahan was convicted of rape and he brings error. Affirmed.

*W. S. Glass, Albert R. Allen,* and *DeForrest Ward,* for plaintiff in error.

*Philo Hall,* Atty. Gen., *T. J. Law,* State's Atty., and *Geo. H. Marquis,* for the State.

HANEY, J. The defendant in this action was convicted of rape in the second degree. The only controversy is concerning the age of the prosecutrix. The alleged crime was committed, if at all, not earlier than June 1, 1901. According to

the testimony of all parties the prosecutrix was born on the 4th day of January. Whether the year of her birth was 1885 or 1886 was the only issue of fact seriously contested in the court below.

Waiving the state's objection that proper specifications of error regarding the rulings of the circuit court on the introduction of evidence were not made in the motion for a new trial, we will proceed to review the assignments relating thereto. First, it is contended that the court erred in refusing to strike out all of the prosecutrix's father's testimony regarding her age, for the reason that he stated he could not testify independently of a certain "slip of paper" whereon he swore he had entered the date of his child's birth "just about the time when it occurred," it appearing that such record was not made at the time of her birth. This contention is untenable, for the reason, if no other, that the testimony of the father, though somewhat contradictory, does not establish the facts upon which the motion to strike out was predicated. The witness gave his testimony through an interpreter, and may not fully have understood the import of the questions touching his independent recollection and the time when his entries were made. It is our duty to sustain the ruling of the learned circuit judge, if it can be done on any reasonable hypothesis. He saw the witness, saw the interpreter, and was in a far better position than we are to determine the facts upon which his ruling was based. We must presume that he was satisfied from the father's entire cross-examination that he could state his daughter's age independently of the writing, and, if so, he was justified in declining to exclude all of his testimony on that subject.

Rev. T. K. Solensteen, called as a witness by the defend-

ant, having testified that he was formerly pastor in charge of the congregation at St. James, Minn., was shown a book which he identified as a record of baptisms performed by him as such pastor. Having examined certain entries therein, he stated they were in his own handwriting, and were correctly made at the time they purported to be. Thereupon the record was offered in evidence, and upon the state's objection was rejected. Assuming the record of these entries might properly have been received, reversible error cannot be predicated upon the ruling, for the reason that the witness was permitted to refresh his recollection therefrom, and state positively that he baptized the prosecutrix on April 5. 1885. The contents of the record were thus presented to the jury with more probative force than they would have been had the record itself been received in evidence and read by one of the defendant's counsel. The witness stated he could not remember when he baptized the prosecutrix without referring to the record, and, having referred thereto, he said "it was on the 5th day of April, 1885," thus, in effect, reading the record as he held it in his hand. How the facts sought to be established could have been more impressively presented we are unable to imagine. The rejection of the record itself, if admissible, was error without prejudice. Butler v. Railway Co., 87 Iowa 206, 54 N. W. 208.

It was stipulated in open court that a certain record was "made by the witness J. W. Somers, as required by law to be made by him at the time it purported to have been made; that it gives the record of the birth of Clara Amelia Peterson, the prosecuting witness in this case, * * * and that the witness would swear that it was truly made." This record, which was the orignal kept by the clerk of the township wherein the

parents of the prosecutrix formerly resided, and which contained these items: "Date of birth, January 4, 1885; name, Clara Amelia Peterson; S. G. Peterson, father; occupation, farmer; when registered, January 5, 1886"—was received in evidence. Subsequently a witness for defendant identified certain exhibits as records in the office of the clerk of the district court of Watonwan county, Minn., one being a register of births, and the other a return of the clerk of the township heretofore mentioned of births occurring therein during the year 1885. These exhibits were, the defendant contends, erroneously excluded. The contention is clearly untenable. They were merely copies of the original record made by the township clerk, and could not possibly have added any weight to the original and best evidence of the fact sought to be proved, which had already been received.

Finally, it is earnestly insisted that the evidence did not justify the verdict. The prosecutrix, her father, mother, an older brother, and an older sister, testified that she was born January 4, 1886, and was therefore under the age of sixteen in June, 1901. On the other hand, the defendant produced the township record, which appeared to show that she was born January 4, 1885; and the positive testimony of the pastor who baptized her, based upon the church record in his own handwriting, which tended to show that she must have been born prior to April 5, 1885; also the testimony of certain school teachers and a clergyman, to whom the prosecutrix made statements concerning her age which were inconsistent with her statements on the witness stand; and on cross-examination the prosecutrix admitted that she had knowingly made false statements regarding her age to the clergyman when she was con-

firmed, and to certain teachers when she entered school. It will be readily conceded that the prosecutrix's mother was a competent witness touching the time of her daughter's birth. It will be as readily conceded that the father, brother, and sister, all of whom were present when the prosecutrix was born, and all of whom had been members of the same family from that time until the time of the trial, were competent witnesses as to her age. It is true, either or all of them may have sworn falsely or been mistaken, but they testified in the presence of the jury, and it was for the jury to determine what weight, if any, should be given to their testimony. The records relied upon by the defendant may have been originally erroneous or subsequently changed. Entirely eliminating the prosecutrix's testimony, the evidence given by her relatives, who were in a position to personally know her age, was, standing alone, amply sufficient to sustain the verdict. Defendant's evidence merely created a conflict, leaving the fact in issue to be determined by the jury under proper instructions. The jurors were at liberty to believe the relatives, notwithstanding defendant's evidence, and if they did they were justified in finding the defendant guilty. The learned circuit judge who heard all the evidence, saw all the witnesses, and was acquainted with all the incidents attending the trial, declined to vacate the verdict. Under these circumstances and universally recognized rules of appellate procedure, it cannot be disturbed by this court.

The judgment and order appealed from are affirmed.